UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ALFRED BARNES, #20-A-1281,

                           Plaintiff,

          -against-

COUNTY OF NASSAU, NASSAU COUNTY
SHERIFF DEPT., 2ND PRECINCT SOUTH,
P.O. DANIEL FELS (Shield #3045); P.O. JASON
COLLINS (Shield # 3063);

                      Defendants.
----------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM AND ORDER**
23-CV-0777(JMA)(ST)

FILED
CLERK
1:44 pm, Jun 09, 2023
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, District Judge:**

      On February 1, 2023, incarcerated pro se plaintiff Alfred Barnes ("Plaintiff") filed a complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") against the County of Nassau ("Nassau County"), the Nassau County Sheriff's Department (the "Sheriff's Department"), the Nassau County Police Department's 2nd Precinct, South (the "2nd Pct.") and two Nassau County Police Officers alleged to work out of the 2nd Pct.: P.O. Daniel Fels ("P.O. Fels") and P.O. Jason Collins ("P.O. Collins" and collectively, "Defendants"). (See Complaint, ECF No. 1.) Plaintiff filed an application to proceed in forma pauperis ("IFP") and Prisoner Litigation Authorization form ("PLRA") together with the complaint. (ECF Nos. 2-3.)

      Upon review of the declaration accompanying Plaintiff's IFP application, the Court finds that Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1). Accordingly, the Court grants Plaintiff's IFP application and sua sponte dismisses the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b)(1) for the reasons that follow.

## I.     BACKGROUND[1]

Plaintiff's brief, handwritten complaint is submitted on the Court's Section 1983 complaint form and seeks to challenge his arrest as well as his state court prosecution in the Supreme Court, Nassau County.  (ECF No. 1 at 3-4.)   Plaintiff complains that P.O. Collins and P.O. Fels falsely claimed to be conducting a wellness check on December 22, 2018 and, during that check, the officers recovered a weapon from him.  (Id.)   Plaintiff sparse and conclusory allegations provide that the officers made "conflicting and inconsistent" statements in the felony complaint and during their grand jury and suppression hearing testimony.  (Id. at 4.)  As a result of the foregoing, Plaintiff claims to have been the victim of an unlawful search and seizure for which he seeks to recover a compensatory and punitive damages award in the total sum of $5.75 million.  (Id. at 5.)

Notably, Plaintiff omits that he pled guilty on December 12, 2019 to attempted criminal possession of a weapon in the second degree.  See People v. Barnes, 210 A.D.3d 792, 178 N.Y.S.3d 164 (2d Dept. 2022), leave to appeal denied, -- N.E.---, 2023 WL 1997206 (Jan. 31, 2023).[2]  As part of the plea agreement, Plaintiff waived his right to appeal.  See Barnes, 210 A.D.3d at 792.   Prior to sentencing, Plaintiff attempted to withdraw his guilty plea and the Supreme Court, Nassau County, denied the motion without a hearing and imposed sentence.  Id. at 792.   The denial was affirmed on appeal with a finding that the "waiver of his right to appeal was knowing, intelligent, and voluntary."  Id.

Prior to pleading guilty, Plaintiff had filed a suppression motion challenging the legality of

---

[1] All material allegations in the complaint are assumed to be true for the purpose of this Order, see, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a pro se complaint for sua sponte dismissal, a court is required to accept the material allegations in the complaint as true).

[2] Plaintiff does include a reference to the Second Department opinion without explanation or context.  (See Compl. ECF No. 1 at 3, ¶ II.)

2

the officers' encounter with him that resulted in the recovery of the gun. (Aug. 9, 2019 Order Denying Suppression Motion, People v. Barnes, Ind. No. 53N19 (Sup. Ct. Nassau Cnty.) (Bogle, J.).) That motion was denied in an order dated August 9, 2019. (Id.) On appeal, the Appellate Division also found that Plaintiff's appeal waiver precluded him from challenging the suppression decision. Barnes, 210 A.D.3d at 792. Plaintiff sought leave to appeal and the New York State Court of Appeals denied leave to appeal on January 31, 2023. People v. Barnes, -- N.E.---, 2023 WL 1997206 (Jan. 31, 2023).

## II. DISCUSSION

### A. IFP Application

Upon review of Plaintiff's declaration in support of his application to proceed IFP, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fee. 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's application to proceed IFP is granted.

### B. Standard of Review

The Prison Litigation Reform Act requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Similarly, pursuant to the IFP statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(b).

Pro se submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519,

3

520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). In addition, the court is required to read a plaintiff's pro se complaint liberally and interpret it as raising the strongest arguments it suggests. United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that pro se complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); cf. Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a pro se plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

C.  **Section 1983 Claims**

   1.  **Legal Standards for Section 1983 Claims**

   Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

4

42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979); Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999). In order to state a § 1983 claim, a plaintiff must allege two essential elements. First, the conduct challenged must have been "committed by a person acting under color of state law." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)); see also Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.") (internal quotation marks and citation omitted). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id.; see also Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999).

### 2. Plaintiff's Section 1983 Claims Against the Sheriff's Department and the 2nd Precinct

Although Plaintiff names the Sheriff's Department and the 2nd Precinct as defendants, they are non-suable entities and are each merely an administrative arm of the municipality, Nassau County. "'Under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued.'" Eckert v. Toulon, No. 21-CV-02650(JMA)(JMW), 2022 WL 74158, at *4 (E.D.N.Y. Jan. 6, 2022) (quoting Rose v. Cnty. of Nassau, 904 F. Supp. 2d 244, 247 (E.D.N.Y. 2012) (citing Hall v. City of White Plains, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002)); Gleeson v. County of Nassau, No. 15-CV-6487, 2019 WL 4754326, at *14 (E.D.N.Y. Sept. 30, 2019) (finding the Jail and Sheriff's Department were not proper parties because they are administrative arms of

Nassau County); Brooks v. Suffolk County First Precinct, No. 21-CV-4546, 2021 WL 5139075, at *2 (E.D.N.Y. Nov. 4, 2021) ("The First Precinct is a non-suable entity because it is an administrative arm, which does not have a legal identity separate and apart from the municipality.") (internal quotation marks and citation omitted). Therefore, Plaintiff's claims against the Sheriff's Department and 2nd Precinct fail to state a plausible claim are thus dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii) and 1915A(b)(1).

### 3. Plaintiff's Section 1983 Claims Against Nassau County

It is well-established that a municipality, such as Nassau County, may be liable under Section 1983 only if the "plaintiff proves that action pursuant to official . . . policy of some nature caused a constitutional tort." Monell v. Dep't of Soc. Servs. Of City of New York, 436 U.S. 658 (1978); see also Patterson v. Cnty. Of Oneida, 375 F.3d 206, 226 (2d Cir. 2004). Thus, to impose liability on a municipality, the plaintiff must prove that a municipal policy or custom caused a deprivation of the plaintiff's rights. See, e.g., Wimmer v. Suffolk Cnty. Police Dep't, 176 F.3d 125, 137 (2d Cir. 1999).

To establish the existence of a municipal policy or custom, the plaintiff must allege (1) the existence of a formal policy officially endorsed by the municipality, (2) actions taken or decisions made by an official with final decision making authority, (3) a practice so persistent and widespread that it constitutes a custom, or (4) a failure by policymakers to properly train or supervise their subordinates, amounting to a "deliberate indifference" to the rights of those who come in contact with the municipal employees. Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 478 (E.D.N.Y. 2002). "[A] single incident in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy." DeCarlo v. Fry, 141 F.3d 56, 61 (2d Cir. 1998).

Here, even affording the pro se complaint a liberal construction, there are no factual allegations from which the Court may reasonably infer that the conduct or inaction of which Plaintiff complains was caused by some policy or custom of Nassau County. Santos v. New York City, 847 F. Supp. 2d 573, 576 (S.D.N.Y. 2012) ("[A] plaintiff must allege facts tending to support, at least circumstantially, an inference that such a municipal policy or custom exists."). Accordingly, Plaintiff has not alleged a plausible Section 1983 claim against Nassau County and such claim is thus dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii) and 1915A(b)(1).

> 4. **Plaintiff's Claims Against Nassau County, P.O. Fels, and P.O. Collins Are Precluded by Plaintiff's Conviction and the Denial of His Suppression Motion**

Plaintiff's conviction bars his Section 1983 claims against all defendants. Plaintiff's Section 1983 claims for unlawful search and seizure call into question the validity of his underlying criminal conviction and are thus barred by Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the U.S. Supreme Court held that a claim for money damages is not cognizable under Section 1983 if a decision in favor of the plaintiff would necessarily invalidate a criminal conviction unless that "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . , or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486-87. It is well established under Heck that a plaintiff must allege and prove that his state court conviction or sentence has been invalidated before he can seek and recover damages under Section 1983. See Tavarez v. Reno, 54 F.3d 109, 110 (2d Cir. 1995) ("A claim for damages based on a conviction or sentence that has not been invalidated . . . is not cognizable under § 1983.") (citing Heck, 512 U.S. at 486-87).

Here, Plaintiff has not alleged that his conviction "'has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such

7

determination, or called into question by a federal court's issuance of a writ of habeas corpus.'" Id. (quoting Heck, 512 U.S. at 487). Indeed, the New York State Court of Appeals just denied leave to appeal on January 31, 2023. See People v. Barnes, -- N.E.---, 2023 WL 1997206 (Jan. 31, 2023). Heck's bar precludes review of Plaintiff's Section 1983 claims. See Rodriguez v. Cnty. of Nassau, No. 18-CV-03845, 2023 WL 2667076, at *6 (E.D.N.Y. Mar. 28, 2023) (finding search and seizure claim was barred by Heck).

At this juncture, Plaintiff's exclusive avenue to pursue any constitutional claims barred by Heck is through a properly exhausted and timely filed petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. See Heck, 512 U.S. at 481 ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement . . . , even though such a claim may come within the literal terms of § 1983."). Given that Plaintiff's Section 1983 claims are barred from review by Heck, they are not plausible and are dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii) and 1915A(b).[3]

Plaintiff's claims that he was subjected to an unlawful search and seizure are also barred by the doctrines of collateral estoppel and res judicata. In his criminal proceeding, Plaintiff litigated the legality of the search and seizure at issue. The state court rejected Plaintiff's claims and denied his suppression motion. (See Aug. 9, 2019 Order Denying Suppression Motion, People v. Barnes, Ind. No. 53N19 (Sup. Ct. Nassau Cnty.) (Bogle, J.). Accordingly, Plaintiff is precluded from relitigating those claims here. See Rodriguez, 2023 WL 2667076, at *6; Hayes v. Cnty. of Sullivan, 853 F. Supp. 2d 400, 424–429 (S.D.N.Y. 2012). Because Plaintiff's search and seizure claims are clearly barred by collateral estoppel and res judicata, those claims are

---

[3] Plaintiff's complaint only alleges a Section 1983 claim for unlawful search and seizure. Even if Plaintiff had alleged other Section 1983 claims challenging his arrest and prosecution, any such claims would similarly be barred by Heck.

8

dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**D.   State Law Claims**

Under 28 U.S.C. § 1367(a), "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

Plaintiff's complaint does not explicitly raise any state law claims. However, when liberally construed, the complaint may allege a defamation claim under state law based on the officers' purportedly "false, inaccurate, and misleading testimony." (Compl. at 4.) In determining whether to exercise supplemental jurisdiction, a district court must balance the "values of judicial economy, convenience, fairness, and comity." Carnegie–Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988). The Court, having considered the relevant factors, finds that it is appropriate to exercise supplemental jurisdiction over this state law defamation claim and to dismiss it. This claim is frivolous and "the defendants should not be subject to additional frivolous litigation in state court." Powell v. Lab Corp., No. 17-CV-3632, 2018 WL 6814371, at *9 (E.D.N.Y. Dec. 27, 2018), aff'd, 789 F. App'x 237 (2d Cir. 2019).

First, the officers cannot be liable for defamation because their testimony was "absolutely privileged." Wilson v. Erra, 94 A.D.3d 756, 756–57, 942 N.Y.S.2d 127, 129 (N.Y. App. Div. 2d Dep't 2012). "Statements made by parties, attorneys, and witnesses in the course of a judicial or quasi-judicial proceeding are absolutely privileged, notwithstanding the motive with which they are made, so long as they are material and pertinent to the issue to be resolved in the proceeding." Wilson, 94 A.D.3d at 756–57, 942 N.Y.S.2d at 129. The officers' testimony about their encounter with the Plaintiff was material and pertinent to the suppression hearing. Because this testimony is clearly subject to absolute privilege under New York law, Plaintiff's defamation claim is

9

frivolous and must be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i). The applicability of absolute privilege here also necessitates dismissal with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

Second, Plaintiff's defamation claim is clearly time-barred. Under New York law, the statute of limitation for a defamation claim is one year. Wilson, 94 A.D.3d at 756, 942 N.Y.S.2d at 129 (citing N.Y. C.P.L.R. § 215(3)). "A cause of action alleging defamation accrues at the time the alleged statements are originally uttered." Id. Plaintiff's suppression hearing was held in May 2019. (Aug. 9, 2019 Order Denying Suppression Motion, People v. Barnes, Ind. No. 53N19 (Sup. Ct. Nassau Cnty.) (Bogle, J.).) Plaintiff's defamation claim is clearly time-barred and, as such, is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) because it is both frivolous and fails to state a claim.

Third, Plaintiff's defamation claim is also barred by Heck. See Beaver v. Franklin, No. 16-CV-1454, 2016 WL 11265986, at *4 (N.D.N.Y. Dec. 16, 2016), report and recommendation adopted, 2017 WL 1378183 (N.D.N.Y. Apr. 14, 2017); Lane v. Papadimitrious, No. 6:10-CV-647, 2010 WL 2803468, at *1 (N.D.N.Y. July 14, 2010). The applicability of Heck requires dismissal of Plaintiff's defamation claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**E.     Leave to Amend**

A pro se plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Shomo v. City of New York, 579 F.3d 176, 183 (2d Cir. 2009) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999)). Indeed, a pro se plaintiff who brings a civil rights action "should be 'fairly freely' afforded an opportunity to amend his complaint." Boddie v. N.Y. State Div. of Parole, No. 08-CV-911, 2009 WL 1033786, at *5 (E.D.N.Y. Apr. 17, 2009) (quoting

10

Frazier v. Coughlin, 850 F.2d 129, 130 (2d Cir. 1988)).  However, while "pro se plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile."  Id. (citation omitted).

Here, the Court has carefully considered whether Plaintiff should be granted leave to amend his complaint.  Because the defects in Plaintiff's claims are substantive and could not be cured in an amended complaint, leave to amend the complaint would be futile and is thus denied.[4]

### III.   CONCLUSION

Plaintiff's complaint is dismissed sua sponte in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(B) for the specific reasons set forth above.  Leave to amend the complaint would be futile and is thus denied.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk of Court shall enter judgment accordingly and mail a copy of this Order to the Plaintiff at his last known address.

**SO ORDERED.**

/s/ (JMA)
Joan M. Azrack
United States District Judge

Dated:   June 9, 2023
         Central Islip, New York

---

[4] Such denial is without prejudice to Plaintiff pursuing habeas relief in a petition brought pursuant to 28 U.S.C. § 2254, the exclusive vehicle available to challenge his conviction at this juncture.